**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 11 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-30488 |
| Plaintiff - Appellee, | D.C. No. CR-04-00075-A-JKS |
| v. | |
| CHARLES J. MOSLEY, JR., | MEMORANDUM* |
| Defendant - Appellant. | |

RECEIVED
JAN 0 9 2007
CLERK, U.S. ～～～～ COURT
ANCHORAGE, ALASKA

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Argued and Submitted July 26, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Charles J. Mosley, Jr. was found guilty by a jury of possession of crack cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count One), and possession of a firearm in furtherance of a drug trafficking offense

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

under 18 U.S.C. § 924(c)(1)(A) (Count Two). He appeals his conviction.[1] We have jurisdiction pursuant to 28 U.S.C. § 3231, and we affirm. The parties are familiar with the facts and procedural history and we will not repeat them here.

The district court did not clearly err when it determined that the Anchorage police officer who administered a field test for methamphetamine and amphetamine did not wilfully or intentionally misrepresent its positive result in his affidavit in support of a drug search warrant for Mosley's apartment. *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004) (recognizing that the district court's factual conclusions with respect to a *Franks* suppression motion are reviewed for clear error). Because using a second test to isolate the presence of methamphetamine was not part of standard police operating procedure or his prior field training, the officer was at most negligent in failing to indicate the limitations

---

[1] Mosley raises three issues in this appeal: (1) whether the district court clearly erred in finding that an Anchorage police officer did not wilfully or intentionally misrepresent the outcome of a field test on an affidavit in support of a drug search warrant for Mosley's apartment; (2) whether there was insufficient evidence such that no rational trier of fact could have found that Mosley possessed firearms in furtherance of a drug trafficking offense; and (3) whether the district court abused its discretion in denying Mosley's motion for mistrial after the jury received improper evidence.
    In this disposition we only address the first and third issues. A separate published opinion filed simultaneously with this disposition addresses the issue pertaining to the sufficiency of the evidence to support the use of firearms to further drug trafficking.

of the 902 test in his affidavit. Further, as the officer's testimony, judged credible by the district court, indicated that amphetamines are not commonly found in the field, he was at most negligent for specifying that the 902 test returned a positive result for methamphetamine. Erroneous statements or omissions within affidavits that result from mere negligence on the part of the affiant are insufficient grounds to quash a warrant. *United States v. Staves*, 383 F.3d 977, 983 (9th Cir. 2004), *cert. denied*, 543 U.S. 1169 (2005).

The district court did not clearly err in finding that improper evidence submitted to the jury was not overly prejudicial, nor did it abuse its discretion in denying Mosley's motion for mistrial. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1105 (9th Cir. 2002). The court gave the jury a limiting instruction and "[t]here is a strong presumption that the curative instructions given by the district court were followed by the jury . . ." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000).

AFFIRMED.



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
DEC 28 2006
by: [signature]
Deputy Clerk