Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHARLES J. MOSLEY JR.,<br><br>                    Defendant. | Case No. 3:04-cr-00075-JKS<br><br>DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF SENTENCE REDUCTION |

  1.   *Introduction*

Defendant, Charles J. Mosley, Jr., by and through counsel, Michael D. Dieni, Assistant Federal Defender, moves the court for an order reducing his sentence pursuant to the changes in the law relevant to sentencing for crack cocaine.  18 U.S.C. § 3582; U.S.S.G. § 2d1.1(c)(6); *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  In the memorandum that follows, Mr. Mosley requests that his sentence be lowered by ten months, from 130 months to 120 months.

  2.   *The Court Has Jurisdiction to Reduce Mr. Mosley's Sentence*

From a jurisdictional standpoint, the relevant and necessary facts are simple. The presentence report, the parties, and the court all agreed that the drug computation for

the crack cocaine conviction produced a U.S.S.G. base offense level of 30. Under the new guidelines, the same amount of crack cocaine would now produce a base offense level of 28. Under these circumstances, the court has jurisdiction to reduce Mr. Mosley's sentence. 18 U.S.C. § 3582(c).

At sentencing, the court considered a single incident comprised of three counts of conviction, possession with the intent to distribute crack cocaine, possession of a gun in furtherance of a drug trafficking offense, and felon in possession of a firearm. The court imposed a composite sentence of 130 months. The statutory baseline for the sentence was the mandatory minimum 60-month sentence for the controlled substances offense, and the consecutive mandatory minimum 60 months for the 924(c) count.

At sentencing, the court concluded that a sentence below the applicable guidelines was appropriate. The court also determined that Mr. Mosley should be sentenced at criminal history category III, instead of category V. The court then proceeded to sentence Mr. Mosley to 130 months, a number below the then-existing guidelines. With the criminal history departure, at level 30, Mr. Mosley faced a low-end of 121 months, and the 60 month add-on for the 924(c) count.

Under the new guidelines, the low-end for the drug count will be 97 months. This court's method, applied proportionally to the new guideline for crack cocaine, would result in a sentence below the mandatory minimum 120-month sentence. As noted above, however, Mr. Mosley is stuck at 120 months. Under these circumstances, the court should impose 120 months. Nothing in the law or the facts compels the court to do otherwise.

It is important to recognize that a sentence reduction motion finds support in more than the sentencing guidelines. The Supreme Court has voiced support for the

district court exercising its full discretion pursuant to 18 U.S.C. § 3553 when considering crack cocaine sentences. *Kimbrough v. United States*, 128 S. Ct. 558, 570-71 (2007). In effect, the Supreme Court in *Kimbrough* has invited the trial courts to go beyond the guidelines in the consideration of crack (versus powder cocaine) sentences.

In *Kimbrough*, the Court recognized that old guidelines were based upon outdated information. The Court observed that the old guidelines passed quickly in 1986, without empirical data, in response to mandatory minimum sentencing for crack, which punished crack 100 times more severely than powder cocaine. (E.g., 5 grams of crack vs. 500 grams of powder, as causing a five year sentence for first offenders.) By 1995, based upon empirical data compiled since 1986, the Sentencing Commission recommended that crack be punished at the same level (a 1 to 1 ratio) as powder cocaine. *Kimbrough* at 569. Congress has since refused to change mandatory minimum sentencing, and the guidelines were not changed. The new guidelines represent an incremental step by the Commission, but crack is still punished at rates ranging from 25 to 1, to as high as 80 to 1. *Kimbrough* at 572-73. Thus, the change in the new, November 1, 2007, guidelines is seen as "'only . . . a partial remedy' for the problems generated by the crack/powder disparity." *Kimbrough* at 569. In essence, the Court accepted the Sentencing Commission's findings that the crack/powder distinction was, in itself, unjustified as a basis for sentencing and would cause the kind of unwarranted disparity that should be avoided pursuant to 18 U.S.C. § 3553(a)(6).

Though this court was willing to deviate from the guidelines at the first sentencing, there can be no doubt that the guidelines cast a dark shadow over the sentencing process and the court's assessment of 18 U.S.C. § 3553 factors. That dark

3

cloud has been lifted, in part, and a fresh look at 18 U.S.C. § 3553 factors supports the proposed sentence reduction.

> 3. *Mr. Mosley Was a Young Man at the Time of Sentencing Who Has Since Worked Hard to Improve Himself*

At the time of the offense, Mr. Mosley was only 24 years of age. He was age 25 by the time of his sentencing, looking at a nearly eleven year sentence. He is not bitter; he has approached the future as positively as he can.

While in prison he has completed the following programs:

- A. Drug Abuse Education Program, October 12, 2006 (Exhibit A)
- B. ACE Business Management, Adult Continuing Education, October 2, 2006 (Exhibit B)
- C. Certificate of Completion, "For Consistent Attendance and Excellent Participation in 'Stress Management' Group," February 5, 2007 (Exhibit C)
- D. Completion of the Adult Continuing Education Program for Investing, April 1, 2008 (Exhibit D)

Also, in aid of preparing this document, counsel for Mr. Mosley has discussed Mr. Mosley's progress with both of his parents, Ronald and Lisa Taylor. They have advised counsel that they have observed a great amount of overall maturation. According to Ms. Taylor, her son has shown a positive attitude and he has helped a great deal, even from prison, to steer her younger son from making similar mistakes. The Taylors will be submitting letters documenting their observations to supplement this motion.

*Conclusion*

The court has broad discretion to reduce Mr. Mosley's sentence. There is no cause in law or fact compelling the court from doing so. Because the applicable statute

limit the court's discretion to 120 months, this court should simply issue an order sentencing Mr. Mosley to that number.

Mr. Mosley, to date, is not requesting that he be transported to Anchorage for a formal, in-person, re-sentencing. He does wish to be present by telephone for further proceedings.

DATED this 4th day of August, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on August 4, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Bryan D. Schroder, Esq.

/s/ Michael D. Dieni